UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ARCHER & GREINER, P.C.**
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ  08043-3506
(856) 795-2121
(856) 795-0574 (fax)
dleney@archerlaw.com

*Counsel for Defendant,*
*OVG Venue Alliance, LLC*

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.,*<br><br>　　　　　　　Debtors. | Case No.:　　23-18993 (MBK)<br>　　　　　　　(Jointly Administered)<br><br>Chapter:　　11<br><br>Judge:　　Hon. Michael B. Kaplan |
| THOMAS A. PITTA, as Trustee of the RAD<br>Sub-Trust A,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>OAK VIEW GROUP, LLC d/b/a OVG<br>VENUE ALLIANCE,<br><br>　　　　　　　Defendant. | Adv. No.:　　25-2058 (MBK) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT TO
AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

OVG Venue Alliance, LLC, incorrectly named by Plaintiff as "Oak View Group, LLC

d/b/a OVG Venue Alliance" ("Defendant"), by and through its undersigned counsel, Archer &

Greiner, P.C., hereby files the Answer and Affirmative Defenses to the Complaint to Avoid and

Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 to Disallow Claims Pursuant to 11

231348091 v7

U.S.C. § 502 [Adv. Pro. D.I. 1] (the "Complaint") filed by Thomas A. Pitta, as Trustee of the

RAD Sub-Trust A (the "Plaintiff"), and in support thereof, respectfully avers as follows:

## NATURE OF THE CASE

1.      With respect to the allegations set forth in paragraph 1 of the Complaint, to the

extent said allegations constitute conclusions of law, no response is required.  By way of further

response, it is admitted that the Plaintiff seeks the relief sought in the Complaint, but denies that

Plaintiff has any entitlement thereto.

2.      With respect to the allegations set forth in paragraph 2 of the Complaint, to the

extent said allegations constitute conclusions of law, no response is required.  By way of further

response, it is admitted that the Plaintiff seeks the relief sought in the Complaint, but denies that

Plaintiff has any entitlement thereto.

## JURISDICTION AND VENUE

3.      With respect to the allegations set forth in paragraph 3 of the Complaint, to the

extent said allegations constitute conclusions of law, no response is required.

4.      With respect to the allegations set forth in paragraph 4 of the Complaint, to the

extent said allegations constitute conclusions of law, no response is required.  By way of further

response, and pursuant to Fed. R. Bankr. P. 7008, Defendant consents to entry of final orders or

judgment in this action by the Bankruptcy Court.

5.      With respect to the allegations set forth in paragraph 5 of the Complaint, to the

extent said allegations constitute conclusions of law, no response is required.

6.      With respect to the allegations set forth in paragraph 6 of the Complaint, to the

extent said allegations constitute conclusions of law, no response is required.

## PROCEDURAL BACKGROUND

7.      While the Defendant has not reviewed the underlying bankruptcy case docket in detail, upon information and belief, the allegations set forth in paragraph 7 of the Complaint are admitted.

8.      While the Defendant has not reviewed the underlying bankruptcy case docket in detail, upon information and belief, the allegations set forth in paragraph 8 of the Complaint are admitted.

9.      While the Defendant has not reviewed the underlying bankruptcy case docket in detail, upon information and belief, the allegations set forth in paragraph 9 of the Complaint are admitted.

10.      With respect to the allegations set forth in paragraph 10 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

## THE PARTIES

11.      With respect to the allegations set forth in paragraph 11 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

12.      The allegations set forth in paragraph 12 of the Complaint are denied.  By way of further response, the Defendant provided goods and/or services prior to the Petition Date[1] to Rite Aid Hdqtrs. Corp. (the "Debtor").

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint.

## **FACTUAL BACKGROUND**

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

15.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

17.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

18.      Defendant admits that prior to the Petition Date, it was a party to that certain National Arena Alliance Sponsorship Agreement originally dated July 1, 2023 (as amended, modified, and/or supplemented thereafter, the "Agreement") by and between the Debtor, on the one hand, and Defendant, on the other hand.  To the extent the allegations of Paragraph 18 of the Complaint purport to refer to any documents, such documents speak for themselves, and the Defendant denies any mischaracterizations thereof by the Plaintiff.

19.      With respect to the allegations set forth in paragraph 19 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.  By way of further response, it is admitted that Defendant received the sum of $160,000 from the Debtor on or about September 15, 2023.

20.      To the extent the allegations set forth in paragraph 20 of the Complaint constitute conclusions of law, no response is required.

21.      With respect to the allegations set forth in paragraph 21 of the Complaint, it is admitted that the Defendant received a communication from Plaintiff, through counsel.  To the extent the allegations of Paragraph 21 of the Complaint purport to refer to any documents, such documents speak for themselves, and the Defendant denies any mischaracterizations thereof by the Plaintiff.

22.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

23.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

24.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.  To the extent the allegations set forth in paragraph 24 of the Complaint constitute conclusions of law, no response is required.

25.      To the extent the allegations set forth in paragraph 25 of the Complaint constitute conclusions of law, no response is required.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

26.      Defendant realleges and incorporates all preceding allegations of fact as if set forth at length herein.

27.      With respect to the allegations set forth in paragraph 27 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.  By way of further

response, it is admitted that Defendant received the sum of $160,000 from the Debtor on or about September 15, 2023.

28.     With respect to the allegations set forth in paragraph 28 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

29.     With respect to the allegations set forth in paragraph 29 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

30.     With respect to the allegations set forth in paragraph 30 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required. By way of further response, Defendant denies that the Transfer was made at a time when a debt was "then owed" by the Debtor to Defendant.

31.     With respect to the allegations set forth in paragraph 31 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required. By way of further response, Defendant denies that the Transfer was made on account of an "antecedent debt."

32.     With respect to the allegations set forth in paragraph 32 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

33.     With respect to the allegations set forth in paragraph 33 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

34.     Denied.

35.     Denied.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36.     Defendant realleges and incorporates all preceding allegations of fact as if set forth at length herein.

37.      With respect to the allegations set forth in paragraph 37 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.  By way of further response, the allegations of paragraph 37 of the Complaint are denied.

38.      Denied.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39.      Defendant realleges and incorporates all preceding allegations of fact as if set forth at length herein.

40.      Denied.

41.      With respect to the allegations set forth in paragraph 41 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.

42.      Denied.

## COUNT IV
### (Disallowance of All Claims – 11 U.S.C. §502(d) and (j))

43.      Defendant realleges and incorporates all preceding allegations of fact as if set forth at length herein.

44.      With respect to the allegations set forth in paragraph 44 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.  By way of further response, the allegations of paragraph 44 of the Complaint are denied.

45.      Admitted only that Defendant has not repaid the Transfer to the Debtor or Plaintiff.  The remaining allegations of paragraph 45 of the Complaint are denied.

46.      With respect to the allegations set forth in paragraph 46 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.  By way of further response, the allegations of paragraph 46 of the Complaint are denied.

47.     With respect to the allegations set forth in paragraph 47 of the Complaint, to the extent said allegations constitute conclusions of law, no response is required.  By way of further response, the allegations of paragraph 47 of the Complaint are denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing its adversary complaint with prejudice, along with interest, costs of suit, attorneys' fees, and such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1.     To the extent any of the allegations of the Complaint are not admitted in the paragraphs above, they are denied.

2.     The Plaintiff must demonstrate the existence of all the elements set forth in Sections 547, 548, 550 and 502 (b) including, but not limited to, at the time of the transfers, there was an antecedent debt owed before the transfer was made.

3.     As and for a first affirmative defense, the Complaint has failed to state a claim upon which relief may be granted.

4.     As and for a second affirmative defense, the Plaintiff's claims are barred in whole or in part to the extent that one or more of the Debtors were not insolvent at the time of any of the alleged transfers.

5.     As and for a third affirmative defense, the transfers at issue: (a) were intended to be a contemporaneous exchange for new value given to the applicable Debtor and (b) in fact were contemporaneous exchanges.

6.     As and for a fourth affirmative defense, the transfers at issue were in payment of a debt incurred by the applicable Debtor in the ordinary course of its business or financial affairs

and were made by (a) in the ordinary course of business or financial affairs and/or (b) according to ordinary business terms.

7.      As and for a fifth affirmative defense, after the transfers were made by, new value was given to or for the benefit of the applicable Debtor (a) not secured by an otherwise unavoidable security interest and (b) on account a which new value the applicable Debtor did not make an otherwise unavoidable transfer.

8.      As and for a sixth affirmative defense, to the extent any contracts and/or agreements between the Defendant and the applicable Debtor were assumed during such Debtor's bankruptcy case, the Plaintiff is estopped from pursuing the claims asserted in the Complaint.

9.      As and for a seventh affirmative defense, the Plaintiff's claims may be barred by estoppel.

10.     As and for an eighth affirmative defense, the Plaintiff's claims may be barred by waiver.

11.     As and for a ninth affirmative defense, the Plaintiff's claims may be barred, in whole or in part, pursuant to 11 U.S.C. § 546.

12.     As and for a tenth affirmative defense, the Plaintiff's claims may be barred by laches and/or ratification.

13.     As and for an eleventh affirmative defense, any injury to the Bankruptcy Estate is offset by an equal to or greater amount owed by the Bankruptcy Estate to the Defendant pursuant to setoff and/or recoupment.

14.     As and for a twelfth affirmative defense, with respect to any alleged fraudulent transfer, the applicable Debtor received reasonably equivalent value.

15.    As and for a thirteenth affirmative defense, the applicable Debtor did not become insolvent as a result of alleged transfers.

16.    As and for a fourteenth affirmative defense, the applicable Debtor was not engaged in a transaction for which any property remaining with such Debtor was unreasonably small capital.

17.    As and for a fifteenth affirmative defense, when the alleged transfers occurred, the applicable Debtor did not intend to incur, or believed that it would incur, debts that would be beyond its ability to pay.

18.    As and for a sixteenth affirmative defense, any alleged fraudulent transfers were made by for value and in good faith under Section 548(c).

19.    As and for a seventeenth affirmative defense, the Plaintiff's causes of action are barred in whole or in part by the doctrine of earmarking.

20.    As and for an eighteenth affirmative defense, the Plaintiff's causes of action are barred in whole or in part to the extent that Defendant acted as a mere conduit for any or all transfers at issue in the Complaint.

21.    As and for a nineteenth affirmative defense, the Plaintiff's causes of action are barred in whole or in part to the extent that any or all transfers at issue in the Complaint were advance deposits or prepayments paid by the applicable Debtor to Defendant.

22.    As and for a twentieth affirmative defense, the Transfer at issue in the Complaint was not made on account of an "antecedent debt."

23.    As and for a twenty-first affirmative defense, Plaintiff lacks standing to pursue the claims and causes of action set forth in the Complaint.

231348091 v7                                    10

24.     Defendant is entitled to all defenses under, *inter alia*, 11 U.S.C. §§ 544-550, and other applicable law, and to require Plaintiff to prove each and every element of Plaintiff's causes of action.

25.     Defendant reserves its right to amend this Answer or asset additional affirmative defense as same become known to the Defendant during this Case.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing its adversary complaint with prejudice, along with interest, costs of suit, attorneys' fees, and such other and further relief as the Court deems just and equitable.

Dated: January 14, 2026                                    **ARCHER & GREINER, P.C.**

By: */s/ Douglas G. Leney*
DOUGLAS G. LENEY
1025 Laurel Oak Road
Voorhees, NJ  08043-3506
(856) 795-2121
(856) 795-0574 (fax)
dleney@archerlaw.com

*Counsel for Defendant,*
*OVG Venue Alliance, LLC*